**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0836n.06

No. 11-6444

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>**Aug 03, 2012**<br>LEONARD GREEN, Clerk |

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,         )
                                       )
       Plaintiff-Appellee,          )         ON APPEAL FROM THE
                                        )         UNITED STATES DISTRICT
v.                                           )         COURT FOR THE WESTERN
                                        )         DISTRICT OF TENNESSEE
ROBERT BROWN, aka Robert Bogan, aka     )
Robert Bolton, aka Walter Bolton, aka Leon    )
Brown, aka Ernest Merriweather,          )
                                        )
       Defendant-Appellant.         )
                                        )

BEFORE: COLE and KETHLEDGE, Circuit Judges; THAPAR, District Judge.[*]

PER CURIAM. Robert Brown appeals his 192-month sentence for possession of a firearm by a felon. We AFFIRM.

After the denial of his suppression motion, Brown pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). In calculating Brown's offense level, the presentence report set forth a two-level enhancement pursuant to USSG § 2B3.1(b)(4)(B) for physical restraint of a person to facilitate commission of the offense. The presentence report went on to state that Brown was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and USSG § 4B1.4 because of his three or more prior "violent felony" convictions—six convictions for second-degree burglary and two convictions for burglary of a

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

building. Brown's guidelines range as an armed career criminal was 188 to 235 months. In his objections to the presentence report, Brown asserted that the victim was not physically restrained during the robbery underlying his firearm offense and that second-degree burglary is not a "violent felony" under the ACCA. At sentencing, the district court overruled Brown's objections and, after considering the sentencing factors under 18 U.S.C. § 3553(a), sentenced him to 192 months of imprisonment. Brown timely appealed, raising two issues: (1) whether the district court properly sentenced him as an armed career criminal and (2) whether the district court properly applied the two-level enhancement for restraint of a victim.

Brown argues that his 1987 Tennessee conviction for second-degree burglary is not a "violent felony" under the ACCA.[1] We review de novo the district court's determination that an offense constitutes a "violent felony" under the ACCA. *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 599 (2011). Burglary is one of the enumerated offenses included in the definition of "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii). Brown contends that second-degree burglary lacks the "purposeful, violent, and aggressive conduct" required to be a "violent felony" under *Begay v. United States*, 553 U.S. 137, 145 (2008), because second-degree burglary takes place during the day, unlike first-degree burglary, which takes place at night and poses a higher risk of a violent confrontation. Brown also argues that second-degree burglary is a lesser included offense of common law burglary and thus like facilitation of burglary, which this court held was not a "violent felony" for purposes of the ACCA in *United States v. Vanhook*, 640 F.3d 706, 713-14 (6th

---

[1]As the government points out, Brown presumably makes this same argument with respect to his five other second-degree burglary convictions from 1988; otherwise, his argument is moot because those five convictions alone would subject him to the armed career criminal enhancement.

Cir. 2011). Brown's arguments are foreclosed by our recent decision in *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012), holding that Tennessee's pre-1989 second-degree burglary statute is a general burglary statute and therefore "fits within the enumerated offenses in § 924(e)(2)(B)(ii)." *Id*. at 505. Accordingly, each of Brown's six second-degree burglary convictions constitutes a "violent felony" for ACCA purposes. Brown fails to address *Jones*, a decision released prior to the filing of his initial brief in this appeal.

In addition, Brown contends that the district court improperly applied the two-level enhancement for restraint of a victim under USSG § 2B3.1(b)(4)(B). We need not reach this issue. Application of the enhancement had no effect on Brown's guidelines range because he was sentenced under USSG § 4B1.4, the armed career criminal guideline, which automatically raises his offense level above what it would have been under USSG § 2B3.1

For the foregoing reasons, we AFFIRM Brown's sentence.